UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LIGHTHOUSE MASONRY, INC., <br>     Plaintiff, <br><br> v. <br><br> VISION CONSTRUCTION MANAGEMENT, INC.; 110 NORTH MAIN, LLC; 110 NORTH MAIN MANAGEMENT, LLC; ROBERT L. SHAFFER a/k/a RICK SHAFFER; 110 N MAIN OWNER, LLC; ABC CORPS 1-10; JOHN DOE 1-10; and JANE DOE 1-10, <br>     Defendants. | C.A. No. 24-cv-339-JJM-PAS |

# ORDER

This case arises out of a contract dispute over payment for masonry work that Plaintiff Lighthouse Masonry, Inc. performed on two properties in Providence, Rhode Island for Defendant Robert Shaffer and several related companies, also defendants here. Mr. Shaffer, a Pennsylvania resident, moves to dismiss for lack of personal jurisdiction. ECF No. 22. Lighthouse objects, arguing that this Court can exercise personal jurisdiction two different ways–traditionally over two claims and then pendent personal jurisdiction over the remaining claims or by piercing the corporate veil. The Court finds that it has jurisdiction over Mr. Shaffer and so denies his Motion to Dismiss. *Id.*

I.  PERSONAL JURISDICTION

Lighthouse sued Mr. Shaffer, along with the corporate defendants, for breach of contract, unjust enrichment, and for fraudulent transfers under the Rhode Island Uniform Voidable Transactions Act ("RIUTVA") and common law. Lighthouse argues that the Court has specific personal jurisdiction of the two fraudulent transfer claims, and pendant personal jurisdiction over the remaining claims. Alternatively, Lighthouse asserts that the Court has specific personal jurisdiction over Mr. Shaffer on all four claims if it pierces the corporate veil. The Court will turn first to the question of jurisdiction on the fraudulent transfer claims.

"Where, as here, a motion to dismiss for want of in personam jurisdiction is made at the inception of the case and the issue of jurisdiction is not intertwined with the merits, the prima facie approach controls." *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 121 (1st Cir. 2022) (citing *Foster-Miller, Inc. v. Babcock & Wilcox Can.*, 46 F.3d 138, 145-46 (1st Cir. 1995)). The prima facie approach "ask[s] only whether the plaintiff has proffered facts that, if credited, would support all facts 'essential to personal jurisdiction.'" *Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 51 (1st Cir. 2020) (quoting *Foster-Miller*, 46 F.3d at 146). The Court will "take the facts from the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016). It will "then add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." *N. Laminate Sales, Inc. v. Davis*, 403

2

F.3d 14, 24 (1st Cir. 2005) (quoting *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998)).

Because jurisdiction here is premised on diversity, the Court "must determine whether the defendant's contacts with the state satisfy both the state's long-arm statute as well as the Due Process Clause of the Fourteenth Amendment." *Vapotherm, Inc. v. Santiago*, 38 F.4th 252, 258 (1st Cir. 2022). The Rhode Island long-arm statute, R.I. Gen. Laws § 9-5-33, is "co-extensive" with the Due Process Clause so the latter controls. *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8-9 (1st Cir. 2009). A non-resident defendant, therefore, may be subjected to personal jurisdiction only if he has "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash. Off. Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). For specific personal jurisdiction, the Court must analyze three conditions: (1) relatedness; (2) purposeful availment; and (3) reasonableness. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 60 (1st Cir. 2002).

A.  Relatedness

To satisfy this prong, Lighthouse's fraudulent transfer claims "must arise out of or relate to" Mr. Shaffer's contacts with Rhode Island. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 582 U.S. 255, 262 (2017)); *Rodríguez-Rivera v. Allscripts Healthcare Sols., Inc.*, 43 F.4th 150, 160 (1st Cir.

3

2022). There is no real dispute here that Lighthouse's claims against Mr. Shaffer arise out of or relate to his Rhode Island contacts. Lighthouse's alleged economic harm occurred in Rhode Island and the transfer of the proceeds of the Properties' sale, which was supposed to fulfill Mr. Shaffer's debts to Lighthouse, but instead went to pay his legal bills, was fraudulent conduct the effect of which was felt in Rhode Island. These contacts provide a "demonstrable nexus" between Mr. Shaffer's contacts in Rhode Island and Lighthouse's injury. *See PREP Tours, Inc. v. Am. Youth Soccer Org.*, 913 F.3d 11, 18 (1st Cir. 2019).

### B. Purposeful Availment

Lighthouse then must show that Mr. Shaffer purposefully availed himself of the privilege of operating in Rhode Island and "enjoying the benefits and protection of its laws." *Ford Motor*, 592 U.S. at 360 (quoting *Int'l Shoe*, 326 U.S. at 319). Purposeful availment is a "'rough quid pro quo,' that is, 'when a defendant deliberately targets its behavior toward the society or economy of a particular forum, the forum should have the power to subject the defendant to judgment regarding that behavior.'" *Bluetarp Fin., Inc. v. Matrix Const. Co.*, 709 F.3d 72, 82 (1st Cir. 2013) (quoting *Carreras v. PMG Collins, LLC*, 660 F.3d 549, 555 (1st Cir. 2011)). This inquiry is intended "to assure that personal jurisdiction is not premised solely upon a defendant's 'random, isolated, or fortuitous' contacts with the forum state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1391 (1st Cir. 1995) (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984)). The Court should look at whether Mr. Shaffer's contacts were voluntary and foreseeable. *Bluetarp Fin.*, 709 F.3d at 82.

4

> Voluntariness asks whether the defendant's contacts with the forum state are of its own making and 'not based on the unilateral actions of another party or a third person.' And foreseeability asks whether the defendant's voluntary conduct and connection with the forum state are 'such that [the defendant] should reasonably anticipate being haled into court there.'

*Rodríguez-Rivera*, 43 F.4th at 163 (quoting *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 716 (1st Cir. 1996)).

Mr. Shaffer voluntarily did business in Rhode Island, and it was foreseeable that he could be haled into court here. The contract between Vision, of which Mr. Shaffer is President, and Lighthouse was for work performed on Rhode Island properties, he signed the Note promising to pay Lighthouse after it was not paid in full under the contract, both the contract and the Note have Rhode Island choice of law provisions, and Mr. Shaffer was physically present at the Properties on one or more occasions. ECF No. 20, ¶¶ 3, 6, 16, 21, 33. Lighthouse also alleges that Mr. Shaffer admitted making a fraudulent transfer knowing that it would defraud Lighthouse and other creditors when he admitted using the Properties' sale proceeds to pay off his legal bills. *Id.*, ¶¶ 16, 53-58, 77-78, 84, 86-87; ECF No. 16 at 7, ¶ 9.

C. Reasonableness

The Court's final inquiry must assess whether it is reasonable to exercise jurisdiction over Mr. Shaffer. The Court considers the "gestalt" factors: (1) Mr. Shaffer's burden of appearing in Rhode Island; (2) Rhode Island's interest in adjudicating the dispute; (3) Lighthouse's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in

promoting substantive social policies. *Rodríguez-Rivera*, 43 F.4th at 166. The Court considers these factors in order to "'achiev[e] substantial justice, particularly where the minimum contacts question is very close.'" *Id.* (quoting *Nowak*, 94 F.3d at 717).

The Court finds that it would be reasonable to exercise jurisdiction over Mr. Shaffer on the fraudulent transfer claims. He availed himself of the benefit of doing business in Rhode Island, Lighthouse has a strong interest in adjudicating its case here, and any burden on Mr. Shaffer to appear in Rhode Island does not outweigh its interest in effectively resolving this action. Therefore, in light of the three criteria of relatedness, purposeful availment, and reasonableness, the Court finds that it has personal jurisdiction over Mr. Shaffer on the RIUTVA and common law fraudulent transfer claims.

### III. PENDENT PERSONAL JURISDICTION

Now that the Court has found personal jurisdiction over Mr. Shaffer on the fraudulent transfer claims, it turns to consider its jurisdiction over the remaining claims. Lighthouse urges the Court to exercise pendent personal jurisdiction over Mr. Shaffer on the breach of contract and unjust enrichment claims because these claims involve a common nucleus of operative facts.

Unlike pendent subject matter jurisdiction, which Congress codified in 28 U.S.C. § 1367(a), pendent personal jurisdiction is not explicitly authorized by statute; it is recognized as "a federal common law doctrine." 4A Charles Alan Wright & Arthur A. Miller, *Federal Practice & Procedure* § 1069.7, at 227 (3d ed. 2002). The First Circuit has yet to weigh in on pendent personal jurisdiction, *see Mojtabai v.*

6

*Mojtabai*, 4 F.4th 77, 88 (1st Cir. 2021), but "the majority of federal district courts and every circuit court of appeals to address the question have upheld the application of pendent personal jurisdiction." *United States v. Botefuhr*, 309 F.3d 1263, 1272–73 (10th Cir. 2002) (collecting cases).

> Pendent personal jurisdiction can be found when
>
> a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim.

*Id.* Practically, "once a district court has personal jurisdiction over a defendant for one claim, it may 'piggyback' onto that claim other claims over which it lacks independent personal jurisdiction, provided that all the claims arise from the same facts as the claim over which it has proper personal jurisdiction." *Id.* (citing *Anderson v. Century Prods. Co.*, 943 F. Supp. 137, 145 (D.N.H. 1996)).

The breach of contract and unjust enrichment claims are based on the same underlying facts as the fraudulent transfer claims–Mr. Shaffer and the corporate defendants defaulted on the subcontract, failed to pay Lighthouse as creditor in accordance with the Note that Mr. Shaffer signed, and then further defrauded Lighthouse by failing to pay Lighthouse from the proceeds of the sale of the Properties, instead paying Mr. Shaffer's legal fees. Therefore, pendant personal jurisdiction gives this Court jurisdiction over Mr. Shaffer for the breach of contract and unjust enrichment claims. And while the Court has "the discretion to decline to exercise pendent personal jurisdiction," 4A Wright & Miller, *supra*, § 1069.7, at 235–

7

36, the Court finds that exercising personal jurisdiction over Mr. Shaffer furthers the concepts of "judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004). The Court DENIES Mr. Shaffer's Motion to Dismiss. ECF No. 22.

## II. CONCLUSION

The Court has specific personal jurisdiction over Mr. Shaffer on the RIUTVA claim (Count III) and the common law fraudulent transfer claim (Count IV). The Court uses its discretion to exercise pendent personal jurisdiction over him on the breach of contract (Count I) and unjust enrichment (Count II) claims. The Court DENIES Mr. Shaffer's Motion to Dismiss. ECF No. 22.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

January 22, 2025