UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LIGHTHOUSE MASONRY, INC., <br>    Plaintiff, <br><br> v. <br><br> VISION CONSTRUCTION MANAGEMENT, INC.; 110 NORTH MAIN, LLC; 110 NORTH MAIN MANAGEMENT, LLC; ROBERT L. SHAFFER a/k/a RICK SHAFFER; 110 N MAIN OWNER, LLC; ABC CORPS 1-10; JOHN DOE 1-10; and JANE DOE 1-10, <br>    Defendants. | C.A. No. 24-cv-339-JJM-PAS |

ORDER

Plaintiff Lighthouse Masonry, Inc. and Defendants Vision Construction Management, Inc., 110 North Main, LLC and 110 North Main Management, LLC (collectively "Defendants") are in an on-going discovery dispute that has resulted in Lighthouse filing a Motion for Default Judgment. ECF No. 56. Because the Court finds this sanction is warranted here, it grants Lighthouse's motion.

"[A] party who flouts a court order does so at its own peril. A court faced with a disobedient litigant has wide latitude to choose from among an armamentarium of available sanctions. The entry of a default is one of these sanctions." *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 37 (1st Cir. 2012). Under Rule 37(b)(2)(A)(vi) of the Federal Rules of Civil Procedure:

   2) Sanctions Sought in the District Where the Action Is Pending.

> (A) For Not Obeying a Discovery Order. If a party *** fails to obey an order to provide or permit discovery ***, the court where the action is pending may issue further just orders. They may include the following:
>
> *****
>
> (vi) rendering a default judgment against the disobedient party.

A court should evaluate the appropriateness of such a sanction on a case-by-case basis. "[R]elevant substantive factors include 'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" *Vallejo v. Santini-Padilla*, 607 F.3d 1, 8 (1st Cir. 2010) (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996)). "Pertinent procedural considerations include 'whether the offending party was given sufficient notice and opportunity to explain its noncompliance or argue for a lesser penalty.'" *Id.* (quoting *Malloy v. WM Specialty Mortg.*, 512 F.3d 23, 26 (1st Cir. 2008) (per curiam)).

Lighthouse filed and served its First Sets of Interrogatories and Requests for Production of Documents on October 31, 2024. After waiting months for a response and failing to get a response to a follow-up email in January, Lighthouse moved to compel responses. ECF No. 40. The Court granted that motion on April 22, 2025, ordering Defendants to respond to the discovery within ten days. Defendants did not respond within the terms of the Court's Order. Now, a month after the Court-ordered due date has passed with no response, Defendants stated on May 29, 2025 in response to the motion for default, that "they are diligently working on providing responses to Plaintiff's discovery requests and anticipate producing their responses within the

2

next seven days." ECF 59 at 1. Seven days later, Lighthouse filed a reply stating that Defendants "have still not produced discovery responses or document production." ECF No. 63 at 1.

Here, an analysis of Defendants' discovery abuse shows a severe, consistent, and inexcusable failure to fulfill their discovery obligations, and to follow a Court order. Unanswered discovery has been pending for over seven months. Lighthouse was forced to move to compel and now move for a default judgment because Defendants did not respond to its attorney's email inquiry or comply with this Court's Order. Therefore, the Court GRANTS Lighthouse's Motion for Default Judgment and enters Default Judgment against Defendants Vision Construction Management, Inc., 110 North Main, LLC and 110 North Main Management, LLC, jointly and severally.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

June 9, 2025