UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LIGHTHOUSE MASONRY INC., <br> Plaintiff, <br><br> v. <br><br> VISION CONSTRUCTION MANAGEMENT INC., 110 N MAIN MANAGEMENT, LLC, ROBERT SHAFFER, 100 N MAIN OWNER, LLC, ABC CORPS 1-10, JANE DOE 1-10, JOHN DOE 1-10, JCM OPPORTUNITY FUND I, LLC, JOYCE CAPITAL MANAGEMENT, LLC, JCM FUND MANAGER, LLC, JCM INVESTMENT MANAGER, LLC, GARY F. JOYAL, <br> Defendants. | C.A. No. 1:24-cv-339-JJM-PAS |

ORDER

Plaintiff Lighthouse Masonry, Inc. and Defendant Robert Shaffer are in an ongoing discovery dispute, which has resulted in Lighthouse filing a Motion for Default Judgment. ECF No. 80. Because the Court finds this sanction is warranted here, it GRANTS Lighthouse's motion.

"[A] party who flouts a court order does so at its own peril. A court faced with a disobedient litigant has wide latitude to choose from among an armamentarium of available sanctions. The entry of a default is one of these sanctions." *Hooper-Haas v. Ziegler Holdings, LLC,* 690 F.3d 34, 37 (1st Cir. 2012). Under Rule 37(b)(2)(A)(vi) of the Federal Rules of Civil Procedure:

> 2) *Sanctions Sought in the District Where the Action Is Pending.*
>
> > *(A) For Not Obeying a Discovery Order.* If a party *** fails to obey an order to provide or permit discovery ***, the court where the action is pending may issue further just orders. They may include the following:
> >
> > *****
> >
> > (vi) rendering a default judgment against the disobedient party.

A court should evaluate the appropriateness of such a sanction on a case-by-case basis. "[R]elevant substantive factors include 'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" *Vallejo v. Santini-Padilla*, 607 F.3d 1, 8 (1st Cir. 2010) (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996)). "Pertinent procedural considerations include 'whether the offending party was given sufficient notice and opportunity to explain its noncompliance or argue for a lesser penalty.'" *Id.* (quoting *Malloy v. WM Specialty MoTtg.*, 512 F.3d 23, 26 (1st Cir. 2008) (per curiam)).

Lighthouse filed and served its First Sets of Interrogatories and Requests for Production of Documents on June 17, 2025. ECF No. 80 at 1-2. Lighthouse's counsel attempted to contact Mr. Shaffer's counsel and obtain responses without court action. ECF No. 67 at 2. Mr. Shaffer's counsel did not respond to that contact. *Id.* After no responses for a month, Lighthouse moved to compel responses. ECF No. 67. The Court granted that motion on September 17, 2025, ordering Mr. Shaffer to respond

to the discovery within ten days. Mr. Shaffer did not respond within the terms of the Court's Order. ECF No 80 at 2.

Here, an analysis of Mr. Shaffer's discovery abuse shows a severe, consistent, and inexcusable failure to fulfill his discovery obligations, and to follow a court order. Lighthouse moved to compel and now moves for a default judgment because Mr. Shaffer did not respond to its attorney's email inquiry or comply with this Court's Order. ECF No. 67; 80. This pattern of discovery abuse is also shown through the other Shaffer Defendants' failure to follow discovery order, two of which are owned or controlled by Mr. Shaffer himself (110 N Main, LLC and 110 N Main Management, LLC). ECF No. 11 at 1; 64.

Therefore, the Court GRANTS Lighthouse's Motion for Default Judgment (ECF No. 80) and enters Default Judgment against Defendant Robert Shaffer.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

October 6, 2025