UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|   |   |
|---|---|
| LIGHTHOUSE MASONRY, INC., <br>     Plaintiff, <br><br> v. <br><br> VISION CONSTRUCTION, INC., 110 NORTH MAIN MANAGEMENT, ROBERT SHAFFER, 100 N MAIN OWNER, LLC, JCM OPPORTUNITY FUND I, LLC, JOYAL CAPITAL MANAGEMENT, LLC, JCM FUND MANAGER, LLC, JCM INVESTMENT MANAGER, LLC, GARY F. JOYAL, ABC CORPS 1-10, JOHN DOE 1-10, JANE DOE 1-10, <br>     Defendants. | C.A. No. 1:24-cv-00339-JJM-PAS-JJM-PAS |

ORDER

Crossclaim Plaintiff 100 N Main Owner and crossclaim Defendants Robert Shaffer, Vision Construction, Inc., and 110 N Main Management are in an ongoing discovery dispute, which has resulted in 100 N Main Owner filing a Motion for Default Judgment. ECF No. 79. Because the Court finds this sanction is warranted here, it GRANTS 100 N Main Owner's motion.

"[A] party who flouts a court order does so at its own peril. A court faced with a disobedient litigant has wide latitude to choose from among an armamentarium of available sanctions. The entry of a default is one of these sanctions." *Hooper-Haas v. Ziegler Holdings, LLC,* 690 F.3d 34, 37 (1st Cir. 2012). Under Rule 37(b)(2)(A)(vi) of the Federal Rules of Civil Procedure:

> 2) *Sanctions Sought in the District Where the Action Is Pending.*
>
>> *(A) For Not Obeying a Discovery Order.* If a party \*\*\* fails to obey an order to provide or permit discovery \*\*\*, the court where the action is pending may issue further just orders. They may include the following:
>>
>> \*\*\*\*\*
>> (vi) rendering a default judgment against the disobedient party.

A court should evaluate the appropriateness of such a sanction on a case-by-case basis. "[R]elevant substantive factors include 'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" *Vallejo v. Santini-Padilla,* 607 F.3d 1, 8 (1st Cir. 2010) (quoting *Robson v. Hallenbeck,* 81 F.3d 1, 2 (1st Cir. 1996)). "Pertinent procedural considerations include 'whether the offending party was given sufficient notice and opportunity to explain its noncompliance or argue for a lesser penalty.'" *Id.* (quoting *Malloy v. WM Specialty MoTtg.,* 512 F.3d 23, 26 (1st Cir. 2008) (per curiam)).

100 N Main Owner filed and served its First Sets of Interrogatories and Requests for Production of Documents on July 10, 2025. ECF No. 79 at 2. After no response from the Defendants, 100 N Main Owner moved to compel responses. ECF No. 73. The Court granted that motion and ordered a response within 10 days. The Defendants still have not provided responses, in violation of that order. ECF No. 79 at 2.

Again, an analysis of the Defendants' discovery abuse shows a severe, consistent, and inexcusable failure to fulfill his discovery obligations, and to follow a court order. The Defendants failed to respond to discovery requests from Lighthouse Masonry, Inc. and have now done that exact same thing with 100 N Main Owner. ECF No. 64; 79. A pattern of discovery abuse is evident with this group of defendants and cannot be tolerated. Therefore, the Court GRANTS 100 N Main Owner's Motion for Default Judgment (ECF No. 79) and enters Default Judgment against Defendants Robert Shaffer, Vision Construction, Inc., and 110 N Main Management.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

October 6, 2025