UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LIGHTHOUSE MASONRY, INC., )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>VISION CONSTRUCTION )<br>MANAGEMENT, INC.; 110 NORTH )<br>MAIN MANAGEMENT, LLC; )<br>ROBERT L. SHAFFER a/k/a RICK )<br>SHAFFER; JCM OPPORTUNITY )<br>FUND I, LLC; JOYAL CAPITAL )<br>MANAGEMENT, LLC; JCM FUND )<br>MANAGER, LLC; JCM INVESTMENT )<br>MANAGER, LLC; GARY F. JOYAL; )<br>ABC CORPS 1-10; JOHN DOE 1-10; )<br>and JANE DOE 1-10, )<br>    Defendants. )<br> ) | 24-cv-339-JJM-PAS |

## ORDER

Before the Court, are two motions filed by Plaintiff Lighthouse Masonry, Inc.: Motion to Compel Post-Judgment Discovery Against Shaffer Defendants (*from Defendant Robert P. Shaffer a/k/a Rick Shaffer*) (ECF No. 100); and Motion to Require Posting of Appeal Bond and Supersedeas Bond (*from Defendants Vision Construction Management, Inc., 110 North Main Management, LLC, and Robert P. Shaffer.*) (ECF No. 101).

### I.    Motion to Compel Post-Judgment Discovery

The Motion to Compel Defendant Robert P. Shaffer a/k/a Rick Shaffer is GRANTED. The Defendant has not objected to the motion, and the Plaintiff is entitled to the post-judgment discovery requested. The Court ORDERS that

Defendant Robert P. Shaffer a/k/a Rick Shaffer provide full and complete discovery responses to Plaintiff's First Set of Post-Judgment Interrogatories and First Set of Post-Judgment Requests for Production of Documents on or before April 10, 2026.

## II.    Motion to Require Posting of Appeal Bond and Supersedeas Bond

The Plaintiff has requested an appeal bond under Federal Rule of Appellate Procedure 7; and (2) a supersedeas bond under Federal Rule of Civil Procedure 62(b).

### a. *Appeal Bond*

The Court finds that, based on the history in this case, a meaningful risk exists that the Defendants will not pay appellate costs, that the appeal is frivolous, and the appeal appears likely to impose significant expense on the Plaintiffs. Therefore, requiring an appeal bond is necessary here.

### b. *Supersedeas Bond*

The Defendants have correctly pointed out that Fed. R. Civ. P. 62 imposes a bond requirement only when a party seeks a stay. ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62.)

Here, the Defendants have not requested a stay, and therefore the Plaintiff can execute on the judgment at its pleasure because the filing of an appeal alone does not automatically stay the judgment. The Plaintiff retains the right to enforce the

2

judgment (garnish wages, levy assets, etc.) during the appeal unless a stay is obtained.

### III.    Conclusion

The Courts ORDERS the Defendants to answer all the Plaintiff's post-judgment discovery completely and thoroughly.  The Court ORDERS the Defendants to post an appeal bond of $50,000 to ensure payment of costs on appeal.  The Court denies without prejudice the request for a supersedes bond under Fed. R. Civ. P. 62, unless the Defendants seek a stay of execution of the judgment.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

March 26, 2026