UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| LIGHTHOUSE MASONRY, INC., Plaintiff, v. VISION CONSTRUCTION MANAGEMENT, INC.; 110 NORTH MAIN, LLC; 110 NORTH MAIN MANAGEMENT, LC; ROBERT L. SHAFFER a/k/a RICK SHAFFER; 110 N MAIN OWNER, LLC; JCM OPPORTUNITY FUND I, LLC; JOYAL CAPITAL MANAGEMENT, LLC; JCM FUND MANAGER, LLC; JCM INVESTMENT MANAGER, LLC; GARY F. JOYAL, ABC CORPS 1-10; JOHN DOE 1-10; JANE DOE 1-10, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 24-339-JJM-PAS |
| 100 N MAIN OWNER, Third-Party Plaintiff, v. JCM EDGE BROWN, LLC, Third-Party Defendant. | ) ) ) ) ) ) ) ) ) ) | |

ORDER

Before the Court is Plaintiff Lighthouse Masonry, LLC's Motion for Civil Contempt and Coercive Sanctions against Defendants Vision Construction Management, Inc., 110 North Main Management, LLC, and Robert P. Shaffer ("Shaffer Defendants"). ECF No. 115. This motion relates to the Shaffer Defendants'

failure to respond to post-judgment discovery that the Court ordered in March 2026. Because the Court finds that sanctions are appropriate, it grants Lighthouse's motion. *Id.* A summary of the case is as follows.

The Court entered final judgment after the Shaffer Defendants defaulted. They filed a notice of appeal on December 18, 2025.[1] ECF No. 93. The Court entered an Order on March 26, 2026 that required Mr. Shaffer to provide full and complete responses to Lighthouse's First Set of Post-Judgment Interrogatories and First Set of Post-Judgment Requests for Production of Documents on or before April 10, 2026. ECF No. 106. The Order also required the Shaffer Defendants to post a $50,000 appeal bond. *Id.* Defendants did not comply.

The Shaffer Defendants have offered no excuse for not complying. To avoid civil contempt based on inability to comply, a party bears the burden of showing that inability. *See United States v. Rylander*, 460 U.S. 752, 757 (1983). Not only have the Shaffer Defendants made no such showing, but they have also failed to respond to Lighthouse's motion for contempt.

Federal courts have the authority to enforce compliance with their orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966). To convince a court that civil contempt is appropriate, the movant must prove that the non-compliant party violated a clear and unambiguous order by clear and convincing evidence. *See AccuSoft Corp. v. Palo*, 237 F.3d 31, 47 (1st Cir. 2001). A coercive civil

---

[1] The Shaffer Defendants have not obtained a stay of execution or posted a supersedeas bond. Lighthouse therefore is entitled to enforce the judgment during the appeal under Federal Rules of Civil Procedure Rule 62(b).

contempt sanction is proper where the sanction can be purged by complying with the Court's order. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828-29 (1994).

Lighthouse seeks an order holding the Shaffer Defendants in civil contempt for their failure to comply with this Court's March 26, 2026 Order. Specifically, Lighthouse requests that the Court impose a fine of $1,000 per day, jointly and severally against the Shaffer Defendants, for each day they remain out of compliance with the March 26 Order. To purge the contempt, Shaffer must provide full and complete responses to Lighthouse's post-judgment discovery, and the Shaffer Defendants must post the $50,000 appeal bond ordered by this Court. Because the Court finds that the Shaffer Defendants failed to comply with its March Order, the Order was clear and unambiguous, and they have engaged in a pattern of noncompliance throughout this litigation, the Court orders as follows:

1. Mr. Shaffer is held in civil contempt for failing to comply with the March 26, 2026 Order requiring him to provide full and complete responses to Lighthouse's First Set of Post Judgment Interrogatories and First Set of Post-Judgment Requests for Production by the April 10, 2026 deadline;

2. The Shaffer Defendants are held in civil contempt for failing to comply with the March 26, 2026 Order requiring them to post a $50,000 appeal bond;

3. The Shaffer Defendants shall pay a fine of $1,000 per day, jointly and severally, for each day they remain out of compliance with the March 26 Order;

4.  The Shaffer Defendants shall post the $50,000 appeal bond within 48 hours of the Court's Order and the $1,000 per day coercive sanction will begin to accrue thereafter if they fail to do so;

5. The Shaffer Defendants may purge contempt if:

a. Mr. Shaffer serves full and complete verified responses to Lighthouse's First Set of Post-Judgment Interrogatories and produces all documents responsive to Lighthouse's First Set of Post-Judgment Requests for Production; and

b. the Shaffer Defendants post the $50,000 appeal bond ordered by the Court.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

July 8, 2026